RE PETER W. CARPENTER.

October Term, 1898.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson, Start and Thompson, JJ.

Opinion filed November 28, 1898.

*Habeas Corpus—Intoxication—Commitment for Refusal to Disclose.*—The relator was convicted of intoxication before a justice, and ordered under the statute to disclose where he procured the liquor, and in default of disclosure was committed to jail. He now seeks relief on the grounds, first, that he has fully disclosed, and second, that he has not been allowed to disclose—positions which are inconsistent; but moreover the record shows that he was allowed to testify at length, and does not show that he fully and fairly disclosed. Hence the discretion of the magistrate cannot be revised in the absence of anything to rebut the legal presumption of his good conduct.

HABEAS CORPUS. The petition was addressed to the chief judge, before whom the relator was brought October 10, 1898, when the hearing was continued to the supreme court for the county of Caledonia, to be held at Montpelier on the 12th day of October, 1898, the relator being admitted to bail in the meantime.

The record showed that the relator testified before the justice to having received three gallons of liquor from Boston on the 23d of August, and to having drunk most of it before the 6th day of September when he was found intoxicated; that on the last day, being already somewhat intoxicated upon the liquor procured from Boston, he procured a further quantity which resulted in his complete intoxication. That the last named quantity he received after dark, in the school-house yard, from a person whom he thought to be S. P. Welch, a person well known to him in the daytime.

*Dunnett & Slack* for the relator.

This court having intimated in *Re Powers*, 25 Vt. 261, that upon *habeas corpus* it would not examine the proceedings of the magistrate *de novo*, the legislature passed the act which is now found in V. S. 1610, which entitles a relator imprisoned or confined by the order of any magistrate to the writ of *habeas corpus* returnable to the supreme court. V. S. 1602 further provides that the relator may deny any of the facts set forth in the return or statement and may allege and prove other material facts. From these two sections it is plain that the purpose of the legislature was to broaden the remedy of *habeas corpus*, and that the record is not to be taken as conclusive against the prisoner in a case like this. *Re Hardigan*, 57 Vt. 100; *Rhinehart* v. *Lance*, 43 N. J. 311.

The disclosure is the only test of its own sufficiency, and the magistrate cannot reject a disclosure which is full and fair upon its face, merely because on information received from some third person he doubts its truthfulness.

*W. H. Taylor*, State's attorney, for the State.

TAFT, J.  The relator was convicted October 1, 1898, of the crime of intoxication, before a justice of the peace, and was ordered to disclose the place where and the person from whom the liquor so producing the intoxication was obtained and the attending circumstances, etc.  Not making a disclosure satisfactory to the justice, he was on the fifth of the same month committed to the common jail until he should make such disclosure or be otherwise discharged by order of law.  This petition for a *habeas corpus* was brought on the 10th of October, 1898, and the petitioner claims he is unlawfully imprisoned for two reasons: (1) That he has fully and fairly disclosed as required by the statute and (2) that the justice absolutely refused to hear any disclosure of the relator.  The allegations are not consistent with each other.  It is difficult to see how the relator could fully and fairly disclose if the justice absolutely refused to hear him.  But considering both allegations, the record shows no refusal to hear the relator disclose but does show that he testified at length in regard to the matters which were the subject of the investigation.  The other allegation, that he fully and fairly disclosed as required by the statute, is not established by the record.  In the case of *Re Powers*, 25 Vt. 261, *Redfield*, C. J., states that the "magistrate has a discretion to determine when the person has made a full and fair disclosure in regard to the points upon which he is required to disclose."  We cannot exercise the discretion for the magistrate.  The presumption of the good conduct of a magistrate, to which every one is entitled until the contrary is shown, should be made in this case.  The record before us does not disclose a case in which the magistrate, after a disclosure is fully and fairly made, persists in imprisoning the person called upon to disclose.  What should be done in such a case and how the question should be determined are questions not before us, and we

are not required to discuss them, neither of the causes alleged in the petition being established.

> *The petition is dismissed and the relator remanded to his former custody.*