[No. 16242.  Department Two.  January 21, 1921.]

*In the Matter of the Application of* M. E. BISHOP *for a Writ of Habeas Corpus.*[1]

HABEAS CORPUS (5, 6)—NATURE AND GROUNDS OF REMEDY—PROCEEDINGS REVIEWABLE—COMMITMENT FOR CONTEMPT—VALIDITY. An order committing petitioner to the custody of the sheriff until such time as he shall comply with the order of court requiring the payment of alimony, is in effect a commitment, and if valid on its face, the petitioner cannot be discharged from custody on a writ of habeas corpus.

Application filed in the supreme court December 1, 1920, for a writ of *habeas corpus* to obtain petitioner's release from a commitment in contempt proceedings. Denied.

*E. C. Dailey* and *A. E. Dailey,* for petitioner.

MAIN, J.—This is a *habeas corpus* proceeding.  The petitioner was adjudged guilty of contempt by the superior court of Skagit county for failure to pay alimony to his divorced wife, and was ordered committed to the custody of the sheriff of that county until such time that he should comply with the order of the court and pay the alimony.  This order was entered on the 13th day of September, 1920, and no appeal was prosecuted therefrom.  On December 1, 1920, upon application to this court, a writ of *habeas corpus* was issued, directed to the sheriff of Skagit county, and that officer made return to the writ.  In the petition for the writ, it is claimed that the petitioner is restrained of his liberty unlawfully, first, because he is unable to pay the alimony; and second, because he is not being held by the sheriff under a legal commitment.

As to petitioner's ability to pay the alimony, it will be assumed, but not decided, that that question may be

[1]Reported in 194 Pac. 971.

inquired into in this proceeding. There is, however, no showing in the record now before us that would justify holding that the failure to pay the alimony was due to inability.

As to the commitment, the order entered by the superior court, after a hearing where the petitioner appeared in response to a show cause order, recited that,

"The defendant, M. E. Bishop, having appeared in person on this date and stated to the Court his reasons for his failure to pay the alimony as aforesaid, and the court deeming his reasons therefor insufficient, it is therefore, here now ordered, That the defendant be and he is hereby committed to the custody of George Reay, sheriff of Skagit county, until such time as he shall comply with the orders of this court, heretofore entered herein."

It is under this order that the petitioner is being held. It is, in effect, a commitment, and is valid on its face, the record showing, at the time the petitioner was adjudged guilty of contempt and ordered committed to the custody of the sheriff, the court had jurisdiction of his person and of the subject-matter. The case of *In re Cave,* 26 Wash. 213, 66 Pac. 425, 90 Am. St. 736, has been referred to, but there is nothing in that opinion that would sustain the claimed right of the petitioner to be discharged in this case upon a writ of *habeas corpus.*

The petitioner, M. E. Bishop, will be remanded to the custody of the sheriff of Skagit county to be held by him under the order of the court above referred to, and it is so ordered.

HOLCOMB, MOUNT, MITCHELL, and TOLMAN, JJ., concur.