MADIROS ASADOORIAN FOR WRIT OF HABEAS CORPUS.

DECEMBER 13, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Divorce.   Allowance.   Executions.*

Execution for the amount of unpaid allowance in a divorce petition although not sought until after discontinuance of the petition was properly granted for the amount unpaid at the time of the discontinuance.

*(2)   Divorce.   Allowance.   Jurisdiction.*

A petition originally filed in the Supreme Court seeking modification of an order for allowance in a divorce case must be dismissed for lack of jurisdiction.

*(3)   Divorce.   Allowance.   Executions.   Jurisdiction.*

Application for release from imprisonment because of failure to pay a divorce allowance must be addressed to the court which made the order and such application is the prisoner's sole remedy.

*(4)   Divorce.   Allowance.   Modification of Decree.*

The Superior Court has no power under guise of modification to expunge the amount of accrued allowance at the time of commitment, nor has the Supreme Court power to decree an execution satisfied by reason of the fact that a petitioner in divorce has been committed for a certain length of time under execution.

*(5)   Divorce.   Allowance.   Modification of Decree.*

The power of the Superior Court to modify an order for allowance in a divorce case, can be used only to alter the future operation of the decree.   The court can increase, decline to alter, reduce or discontinue wholly future payments for support and can release a husband from further confinement in jail upon such terms as it believes necessary to do justice to all parties to the proceedings.

*(6)   Divorce.   Allowance.   Consent Decrees.*

Power of modification of divorce decrees now exists in the court even where the decrees were entered by consent.

*(7)   Divorce.   Allowance.   Review of Interlocutory Decree.*

Whether a refusal to modify an interlocutory divorce decree can under no circumstances be reviewed is not decided.

*(8)   Habeas Corpus.*

The writ of habeas corpus is not allowed except for jurisdictional error, as a substitute for an appeal or writ of error or other revisory remedy for the correction of errors either of law or of fact.

*(9)   Habeas Corpus.   Divorce.   Allowance.*

A petitioner in a divorce case committed to jail under Gen. Laws, 1923, cap. 291, sec. 14, for non-payment of allowance, is not entitled "of right" to ask for a writ of *habeas corpus.*

*(10)   Habeas Corpus.*

A writ of habeas corpus cannot be used as a substitute for the functions of the trial court in passing upon disputed questions of fact, nor can it be used to review the exercise of discretion by an inferior court.

PETITION seeking process analogous to the writ of habeas corpus.   Petition denied.

BARROWS, J.   Petitioner is asking for process analogous to the writ of *habeas corpus.*

He petitioned for divorce in the Superior Court and that court, after hearing, entered a decree providing for the support of his wife *pendente lite*. Gen. Laws 1923, Chap. 291, Sec. 14. Before the case was ready for trial petitioner discontinued the action. Thereafter his wife, acting pursuant to further provision of the above statute, procured on affidavit an execution for the amount of unpaid allowance. This execution ran against petitioner's goods and chattels and for want thereof against his body. Under it he was committed to jail where he has remained since July, 1926.

(1) The execution even though not sought until after discontinuance of the divorce petition was granted properly for the amount unpaid at the time of the discontinuance. *Grattage, Petitioner*, 42 R. I. 546; *Hurvitz* v. *Hurvitz*, 44 R. I. 501, at 504. Petitioner sought from the Superior Court on October 9, and again on November 20, 1926, a modification of the decree for support claiming that a change of circumstances after entry of the decree rendered his compliance therewith impossible. This petition, after hearing and taking of petitioner's and other testimony, was denied. No steps other than the present petition have been taken to seek a review of the Superior Court's action by this court.

Petitioner has come directly to this court with the present petition termed "petition to amend order for allowance". It recites in almost identical language the averments made in the petition filed with the Superior Court on the application for modification of the decree and asks this court, as it asked the Superior Court, to "alter, modify or annul" the decree for support. It sets forth the refusal of the Superior Court to grant a modification and asks this court to adjudge that petitioner's imprisonment thus far has satisfied the execution. It prays for a writ of *habeas corpus ad testificandum*.

(2) As a petition originally filed in this court seeking modification of an order for allowance in a divorce case the present application has no standing. Exclusive original jurisdiction

of divorce and alimony resides in the Superior Court.   Gen. Laws 1923, Chap. 323, Sec. 6 (4626).   *Mowry* v. *Bliss*, 28 R. I. 114 and *Mowry, Petitioner*, 28 R. I. 242, hold that application for release from imprisonment because of failure to pay a divorce allowance must be addressed to the court which made the order and that such application is the prisoner's sole remedy whether he be held on execution or process for contempt.   The Superior Court has no power under guise of modification to expunge the amount of accrued allowance at the time of commitment.   *Harvey* v. *Harvey*, 45 R. I. 385.   Nor has the Supreme Court power to decree the execution satisfied "by reason of petitioner's punishment and imprisonment" up to this time.   The Superior Court's power of modification can be used only to alter the future operation of the decree.   The court can increase, decline to alter, reduce or discontinue wholly future payments for support and can release the husband from further confinement in jail upon such terms as it believes necessary to do justice to all parties to the proceedings.   Power of modification of divorce decrees now exists in the court even where the decrees were entered by consent.   *Ward* v. *Ward* (filed December 9, 1926), 48 R. I. 60.   This power is necessary because "Divorce proceedings are a distinct class in their nature and process." *Grattage, Petr., supra*, at 550.   For the same reason imprisonment on execution for failure to pay alimony can not be avoided by poor debtor's oath.   *Mowry* v. *Bliss, supra*. Failure to pay the allowance is fundamentally contempt of the court's decree.   One in default may be proceeded against as in equity, *Wagner* v. *Wagner*, 26 R. .I. 27, and since the statute, Pub. Laws 1902, Chap 971, Sec. 5, now Gen. Laws 1923, Chap. 291, Sec. 14, following the decision in *Vine* v. *Vine*, 21 R. I. 190, the additional remedy of execution against the body in default of goods and chattels may be resorted to. Execution is a method of procedure to avoid taking of the court's time on contempt hearings involving only clerical computations.   *Grattage, Petr., supra*.   This additional remedy

did not, however, alter the basic nature of failure to comply with the court's order nor deprive the court of its power to temper the future application of the order to the capacity of the person imprisoned. The Superior Court therefore had full jurisdiction to decline to release petitioner.

(7) We are asked, however, to consider petitioner's insufferable plight because it is set out that he is unable to secure his freedom except upon performance of conditions which he can not meet and that he is unable to secure a review of the order of the Superior Court because its decree was interlocutory and as the petition for divorce has been discontinued never can be reviewed by any other legal process. Upon the contention that a refusal to modify an interlocutory divorce decree, can under no circumstances be reviewed we express no opinion. Whether it be true or not petitioner has made no attempt to secure a review. He has come directly to this court asking us to exercise an original jurisdiction which we do not possess to modify a decree and arguing that under our power to issue prerogative writs we can and ought to relieve him from further imprisonment.

We are clear that this proceeding is improper. If claimed to be analogous to *habeas corpus*, such inquiry at common law, 31 Car. II, p. 2, was closed by showing that the prisoner was held under process from a court of competent jurisdiction. *Frank* v. *Mangum*, 237 U. S. 309, at 330. The inquiry has been broadened in the United States to deter-
(8) mine the very substance of the matter and to dispose of the party imprisoned as law and justice may require, but it has not been allowed except for jurisdictional error as a substitute for an appeal or writ of error or other revisory remedy for the correction of errors either of law or of fact. *Williams* v. *Walsh*, 222 U. S. 415; *Charlton* v. *Kelly*, 229 U. S. 447; *Collins* v. *Johnston*, 237 U. S. 502; *In re Swan*, 150 U. S. 637. Petitioner's restraint here is by order of a court of competent jurisdiction. Gen. Laws 1923, Chap. 291, Sec. 14. *Audet*, 38 R. I. 43. He is not "of right" entitled to ask for a writ of *habeas corpus*. Gen. Laws 1923,

Chap. 356, Sec. 2 (5289), because he stands committed on (9) execution on civil process. "Habeas corpus is inappropriate as a remedy" to secure release of a prisoner confined for nonpayment of a divorce order for support. *Mowry, Petr.,* 28 R. I. 242.

This proceeding in substance is nothing more than an (10) attempt to get a hearing *de novo* of the facts asserted in petitioner's application for modification because he thinks the Superior Court incorrectly decided the case. While no hard and fast rule exists as to what the court will consider in *habeas corpus* proceedings, they can not be used as substitutes for the functions of the trial court in passing upon disputed questions of fact. *Henry* v. *Henkel,* 235 U. S. 219, at 229; *Glasgow* v. *Moyor,* 225 U. S. 420; *In re Clark,* 126 Mo. App. 391. Nor can *habeas corpus* be used to review the exercise of discretion by an inferior court, *State* v. *Osborn,* 79 N. J. Eq. 430; *Re Carpenter,* 71 Vt. 91. The propriety of continued incarceration for contempt in failing to pay alimony when inability to do so was claimed was held not reviewable on *habeas corpus, In re Bishop,* 114 Wash. 245, and *Perry* v. *Pernet,* 165 Ind. 67.

Without passing upon the question whether the decision refusing to modify the interlocutory order of the Superior Court is reviewable in some manner we are clear that we can not review it by *habeas corpus* or on a petition analogous thereto like the present one, without departing from well settled rules of law.

From what has been said it is obvious that no occasion exists to grant the petitioner's prayer for a writ of *habeas corpus ad testificandum.*

The petition is therefore denied and dismissed.

*Lester T. Murphy,* for petitioner.

*Edward G. Carr,* for respondent.