IN RE ALEXANDER MACKENZIE.

Special Term at Montpelier, March, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed May 4, 1927.

*Witnesses—Disclosure Under G. L. 6535, as Amended by Acts
1921, No. 203, § 1—Acceptance of Disclosure Discretionary
With Trial Court—Constitutional Law—Commitment for
Failure To Make Satisfactory Disclosure Not Violation of
Constitutional Provision as to Self-incrimination—Nature
of Proceedings under G. L. 6535, as Amended.*

1. Acceptance of disclosure as to place where, and person from
whom, intoxicating liquor was obtained, under provisions of
G. L. 6535, as amended by Acts 1921, No. 203, § 1, lies within
discretion of trial court, and will not be reviewed except for
abuse of discretion.

2. Refusal of trial court to accept respondent's disclosure made under
provisions of G. L. 6535, as amended by Acts 1921, No. 203, § 1,
as to place where, and person from whom, he obtained intoxi-
cating liquor, where disclosure was that such liquor was given
him by several men whom he met on street, all of whom were
strangers, *held* not to constitute abuse of discretion.

3. Commitment of respondent to jail for failure to make disclosure
of place where, and person from whom, he obtained intoxicat-
ing liquor, under G. L. 6535, as amended by Acts 1921, No. 203,
§ 1, held not to result in compelling him to deny his state-
ments and admit commission of perjury, thus giving evidence
against himself contrary to Ch. 1, Art. 10 of Constitution of
Vermont.

4. Respondent called upon to make disclosure of place where, and
person from whom, he obtained intoxicating liquor, under pro-
visions of G. L. 6535, as amended by Acts 1921, No. 203, § 1, is
in position of witness called by State, and is subject to rule
permitting impeachment of such a witness; and it is no in-
vasion of constitutional guaranty against self-incrimination to
compel him to answer questions relative to truthfulness of his
previous testimony.

5.  Proceeding under G. L. 6535, as amended by Acts 1921, No. 203,
        § 1, to compel respondent to disclose place where, and person
        from whom, he obtained intoxicating liquor, is not proceed-
        ing for contempt, but purely statutory.

PETITION FOR WRIT OF HABEAS CORPUS brought before
Justice of Supreme Court and by him adjourned to Supreme
Court for Washington County, under provisions of G. L. 2221.
The opinion states the case. *Petition dismissed and petitioner
remanded to former custody.*

*John A. Gordon* and *John W. Gordon* for petitioner.

*Deane C. Davis,* State's attorney, for the State.

PER CURIAM.   This is a petition for a writ or habeas corpus,
originally brought before a Justice of this Court, and by him
adjourned into the Supreme Court pursuant to G. L. 2221.   The
petitioner was arrested on February 26, 1927, and charged with
the offense of intoxication.   He pleaded guilty before the city
court of the city of Barre and was thereupon required by the
court to disclose the place where, and the person from whom, he
obtained the liquor causing his intoxication, under the provisions
of G. L. 6535, as amended by section 1, No. 203, Acts of 1921.
His disclosure was unsatisfactory to the court and he was there-
upon committed to the Washington County jail until he should
make such diclosure or be discharged by the court, or otherwise
by order of law.

The petitioner alleges that he made a "full and fair" dis-
closure, and that he is therefore unlawfully imprisoned, and is
entitled to his enlargement.

The record of the disclosure is made a part of the petition,
and it therein appears that the petitioner testified that the in-
toxicating liquor was given to him by several men, all strangers
to him, whom he met late in the evening at Depot Square in
Barre.

[1, 2]   The acceptance of a disclosure lies within the dis-
cretion of the trial court, and is not to be reviewed in the absence
of an abuse thereof.   We cannot exercise its discretion for it, or
say whether it ought to have believed the time-worn story nar-
rated by the petitioner.   The question of the truth of this dis-
closure is not before us.   That, was a matter for the trial court

to decide. *In re Carpenter,* 71 Vt. 91, 93, 41 Atl. 1042; *In re Powers,* 25 Vt. 261, 271. On the record submitted, an abuse of discretion does not appear.

[3] In the petitioner's brief, although not in the petition itself, it is claimed that, since the petitioner says that he has made a truthful disclosure, the result of the commitment is to compel him to deny his statements, and to admit that he has committed perjury, thus giving evidence against himself, contrary to chapter 1, article 10 of the Constitution of this State.

The privilege against self-crimination is a personal one, *Hale* v. *Henkel,* 201 U. S. 43, 69, 50 L. ed. 652, 668, 26 Sup. Ct. 370. It is said in *State* v. *Duncan,* 78 Vt. 364, 376, 63 Atl. 225, 227, 4 L. R. A. (N. S.) 1144, 112 A. S. R. 922, 6 Ann. Cas. 602:

> "But the privilege is an option of refusal, not a prohibition of inquiry. Hence, when an ordinary witness is on the stand, and a self-criminating act relevant to the issue is desired to be shown by him, the question may be asked, and then it is for the witness to say whether he will answer it or claim its privilege, for it cannot be known beforehand what he will do."

It would be a sufficient answer to his contention, even if we were to admit the soundness of the petitioner's argument, that the proper place in which to claim the privilege is in the trial court, when the question is propounded, not here. But the point is not well taken. It would be strange indeed, if a witness, pressed on cross-examination to admit that his previous testimony was false, or questioned concerning the existence of facts which would tend to make his testimony less credible, could be heard to say that an answer would tend to convict him of the crime of perjury, and that he was privileged not to answer. Yet this is the logical and necessary result of the doctrine advanced by the petitioner, and we are unable to give our assent to it.

[4] No reason appears why the examination on disclosure should not be subject to the ordinary rules of cross-examination. The person making the disclosure is in the position of a witness called by the State, and is subject to the rule permitting the impeachment of such a witness. *State* v. *Slack,* 69 Vt. 486, 488, 490, 38 Atl. 311; *State* v. *Harrison,* 66 Vt. 523, 527, 29 Atl. 807, 44 A. S. R. 864; *State* v. *Magoon,* 50 Vt. 333, 340. It is no invasion of the constitutional guaranty against self-crimination to

compel the witness to answer questions relating to the truthfulness of his previous testimony.

[5]    This is a proceeding expressly authorized by the statute, and not, as the petitioner claims, a proceeding for contempt.  Consequently, the authorities cited by him upon this point are not applicable here.

*It is adjudged that the petitioner is not illegally deprived of his liberty and he is remanded to his former custody, and his petition is dismissed.*