GERARD T. OUIMETTE *vs.* HAROLD V. LANGLOIS, *Warden.*

JANUARY 24, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.  This petition for habeas corpus together with a brief in support thereof was presented to us by the petitioner without the assistance of counsel.  He requested that the petition be considered on briefs.  We issued the writ and in response thereto the respondent duly filed a brief opposing the petition on the merits and also on the ground that it was not entertainable at the time it was presented.

The petitioner is confined in the adult correctional institutions pursuant to a six-year sentence that was imposed by the superior court on January 12, 1959.  At that time G. L. 1956, §13-2-44, provided that five days for each month of good behavior could be deducted from the sentence.  Later by an amendment which became effective on May 6, 1960 such deduction was increased to six days when applied to a six-year sentence.  The petitioner contends that he is entitled to the benefit of the amendment and complains that respondent is denying him such benefit.  As we understand him, he does not claim that by applying the amendment in his favor he would now be entitled to his freedom

but simply that respondent should be enjoined from discriminating against him by refusing to accord him the benefit of the amendment.

Since petitioner's contention if sustained would not result in his continued imprisonment being unlawful, habeas corpus does not lie to effect the relief which he seeks. The sole purpose of the writ is to determine whether petitioner is under unlawful restraint and entitled to be presently discharged therefrom. *Moretti* v. *Langlois,* 94 R. I. 470, 181 A.2d 625. Hence respondent's contention that the petition is not properly entertainable at this time must be sustained.

However, since the same issue may be raised by petitioner again at a time when if his contention that he is entitled to the benefit of the amendment of May 6, 1960 the writ would properly lie, we deem it advisable to consider such contention now and dispose of it so that he may not have useless recourse to a further petition. We deem it especially appropriate to adopt this unusual course because we are of the opinion that there is no merit in his contention. This question was fully considered in our *Opinion to the Governor,* 91 R. I. 187, and decided adversely to the petitioner's contention. Since then we have recently had occasion to consider the question again in a litigated case, *Sousa* v. *Langlois,* 97 R. I. 196, 196 A.2d 838, and therein reaffirmed and followed in substance our *Opinion to the Governor.*

The petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent warden.

*Gerard T. Ouimette,* pro se.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.