STATE, Respondent, v. PAYNE, Appellant.

*June 5—June 30, 1964.*

---

For the appellant there was a brief by *Morrissy, Morrissy, Sweet & Stowe* and *Ralph R. Stowe,* all of Elkhorn, and oral argument by *Ralph R. Stowe.*

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, *William A. Platz,* assistant attorney general, and *William L. Seymour,* district attorney of Walworth county.

FAIRCHILD, J.   The question of the withdrawal of a plea of guilty or of *nolo contendere* is addressed to the discretion of the trial court.[1]   A decision to grant or deny a motion for withdrawal will not be disturbed on appeal unless it is shown to have been an abuse of discretion.

---

[1] Guilty plea: *Gordon v. State* (1922), 178 Wis. 205, 188 N. W. 752; *State v. Dowling* (1931), 205 Wis. 314, 237 N. W. 98; *La Fave v. State* (1940), 233 Wis. 432, 441, 289 N. W. 670; *Pulaski v. State* (1964), 23 Wis. (2d) 138, 143, 126 N. W. (2d) 625. *Nolo contendere:* Anno. Plea of nolo contendere, 89 A. L. R. (2d) 540, 571.

Although at least one appellate court has upheld a grant of permission to withdraw a plea because of unanticipated consequences of a conviction,[2] we have found no case where such consequences rendered it an abuse of discretion to deny permission to withdraw.

We find no abuse of discretion in the present case. Appellant claims that he decided to plead *nolo contendere* instead of not guilty because he thought that he would merely be fined, and the judgment would not have the full effect of a conviction after verdict or plea of guilty. Mr. Payne was, however, represented by counsel. Although Payne testified to the effect that his counsel told him the "nolo contendere would not be a conviction and that this would be the end of it," Payne's petition did not go so far. In the petition he said the attorney explained "that a plea of nolo contendere would not be an admission as to any material fact and that such a plea could not be used against the petitioner in any other action, . . ." The explanation quoted from the petition is correct, and does not represent that the conviction resulting from the plea could have no legal effect upon Mr. Payne's interests.

The court had before it the transcript of testimony on preliminary examination. It included the testimony of two agents that racing bets were left with Payne on several occasions and that winnings were collected from him. The court noted in its memorandum decision that although appellant claims to have a meritorious defense to the charge, he had failed to state the nature thereof.

Being unable to discern any abuse of discretion, we affirm the order denying permission to withdraw the plea. No attack has been made on the propriety of the judgment, although included in the notice of appeal.

*By the Court.*—Judgment and order affirmed.

---

[2] *United States v. Shapiro* (7th Cir. 1955), 222 Fed. (2d) 836, affirming *United States v. Shapiro* (E. D. Wis. 1955), 16 F. R. D. 499.