Belter v. State, 178 Wis. 57.

―――――

BELTER, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 10—July 8, 1922.*

*Criminal law: Former jeopardy: Holding for trial in higher court after plea of guilty in lower: When jeopardy attaches: Failure to raise plea: Ineffectual attempt to bind accused as discharge: Increased penalty for subsequent offenses: How applied: Does not affect substantive offense.*

1. Under sec. 8, art. I, Const., providing that no person for the same offense shall be put twice in jeopardy of punishment, where a person accused of a violation of sec. 29.41, Stats.,

relating to the possession of skins of certain fur-bearing animals, entered a plea of guilty before the lower branch of a municipal court, which under sub. (5), sec. 4739, Stats., had the jurisdiction of a justice of the peace and could hear, try, and determine the offense so charged and impose a sentence (which under sec. 4749 was made its duty), the certifying of the record to the upper branch of the municipal court and putting the accused on trial in that court was error, as putting him twice in jeopardy for the same offense.

2. Where a defendant in a criminal action pleads guilty he stands as to the facts on the offense charged the same as though a verdict of guilty had been rendered by a jury, and at such a stage has passed the point at which jeopardy first attaches.

3. Where one entered a plea of guilty before a lower branch of the municipal court which had authority to impose a sentence for the offense charged, and failed to plead former jeopardy on being arraigned in a higher branch of the same municipal court for the same offense, such failure does not prevent raising the issue on appeal.

4. The plea of guilty in the lower branch did away with the necessity of a preliminary hearing; and since the court had jurisdiction to pass judgment for the offense, the accused had no right to insist upon a preliminary hearing, and such proceeding cannot be considered as a preliminary hearing to a trial in the upper branch.

5. The fact that the result will be that the accused will go without sentence or punishment for an offense to which he had pleaded guilty does not alter his rights or change his position as to former jeopardy.

6. The attempt to bind the accused over to the upper branch of the municipal court amounted in effect to setting aside the plea of guilty and the judgment consequent thereon and entitled the accused to be discharged, even though such a result was not intended.

7. That which in effect discharges a defendant in a criminal proceeding may be successfully pleaded in bar to a second attack upon the same offense, no matter how irregular the first proceeding may be, or even if it be an acquittal under an erroneous direction of the court to that effect.

8. The fact that after being bound over to the upper branch of the municipal court and on a plea of guilty therein a judgment imposing a much higher penalty was rendered does not change the offense, since it affects the penalty only, and was not a part of the substantive offense.

9. Under sec. 4738, Stats., providing that on conviction of certain offenses if it is alleged and proved or admitted on the trial or ascertained after conviction that there was a prior imprison-

Belter v. State, 178 Wis. 57.

ment the penalty in the pending case may, be increased, and sec. 4738*a*, providing that if the former conviction is not charged in the information, indictment, or complaint, after a plea of guilty being entered or a verdict of guilty being returned by the jury and before sentence, the court may ascertain whether there has been a previous conviction of the defendant of any offense in any court, and that a district attorney may charge a defendant with a former conviction, which, if denied, may be tried by a jury, where a defendant, charged with illegal possession of skins of fur-bearing animals contrary to sec. 29.41, entered a plea of guilty, and defendant was not notified that reliance would be placed upon prior convictions in order to increase the penalty, increasing the penalty over that prescribed for the offense by sub. (1) (d), sec. 29.63, was improper.

Error to review a judgment of the municipal court of Langlade county: Arthur Goodrick, Judge. *Reversed.*

On October 24, 1921, plaintiff in error was brought before the lower branch of the municipal court of Langlade county upon complaint and warrant charging him with having in his possession on that date the green skins of muskrats and the green skin of one mink, contrary to the statutes. The record shows that upon the complaint being read to him he pleaded guilty and thereupon was sent by the court to jail until the following day at 9 o'clock a. m., at which time he was to be brought into court for sentence.

The record entry of the proceedings then had was as follows:

"October. 25, 1921, 9 o'clock a. m. All parties in court. Defendant in court. It appearing to the court that this case should be taken up in the upper branch, it is

"Ordered, that the record in this case be certified to the upper branch of this court; and it is

"Further ordered, that defendant be arraigned in the upper branch today."

This record was certified to and returned by the judge of said lower branch of the municipal court to the upper branch thereof presided over by the same individual as judge.

In said upper branch an information was duly filed on

October 25th to the same effect as the complaint above stated. The record recites:

· "The defendant *Paul Belter* was arraigned in open court upon his own request in person, and the information was read by the district attorney in open court in the hearing of said defendant and said defendant plead guilty to the crime charged in the information, and said defendant *Paul Belter* was adjudged guilty on his plea of guilty and the court sentenced said defendant *Paul Belter* in the state's prison at Waupun for the term of eighteen months, and first five days in solitary confinement."

The formal judgment, after reciting that the plaintiff in error was convicted of having the skins in his possession contrary to the statutes, and having been brought into court to receive sentence upon such conviction, and after having been asked if he had anything to say why sentence should not be pronounced upon him and nothing valid in law having been by him answered thereto, it was considered and adjudged that he was guilty of having in his possession such green skins as aforesaid during the closed season; "and it appearing that the defendant had previously served a term of imprisonment in the county jail of Langlade county for the crime of forgery, and the sentence of the court is as follows:" then followed the sentence as above recited.

The record also contains what purports to be a statement by the court as follows:

"The defendant in the above case was sentenced to a term in the state's prison at Waupun on his conviction, and it appearing that he had been previously convicted of the crime of forgery and served a term in the county jail therefor, and it appearing that the defendant has been following a course of lawlessness for several years bearing a very bad reputation and character as a law-abiding citizen. It appears from reports and complaints made to the district attorney and the court over a long period that the defendant has been violating, not only the game laws promiscuously, but the prohibition laws as well in manufacturing and the sale of moonshine and conducting a disreputable and dis-

orderly house in the village of Lily, Langlade county, Wisconsin."

To review the judgment this writ of error was issued.

For the plaintiff in error the cause was submitted on the brief of *Hay & White* of Antigo.

For the defendant in error there was a brief by the *Attorney General* and *J. F. Baker,* assistant attorney general, and oral argument by *Mr. Baker.*

ESCHWEILER, J.  The plaintiff in error was charged with unlawfully having in his possession the green skins of muskrat and mink as prohibited by sec. 29.41, Stats.  The penalty for such offense so charged is provided for by sub. (1) (d), sec. 29.63, Stats., by a fine of not less than $50 nor more than $100, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment.  His sentence was eighteen months in the state prison.  The lower branch of the municipal court of Langlade county, before which the plaintiff in error was first brought, having the jurisdiction of a justice of the peace, could hear, try, and determine the offense so charged and impose such a sentence.  Sub. (5), sec. 4739, Stats.  For an offense punishable to the extent of a term in the state prison such lower branch had but jurisdiction to bind over to the upper branch, which had jurisdiction of such offense and to inflict such a penalty as here given.

The plaintiff in error alleges, in substance, first, that the proceedings in the lower branch of the municipal court on the first day where plaintiff in error was charged with and pleaded guilty to a violation of sec. 29.41, Stats., placed him in jeopardy as to such offense and the facts thereof, and the proceedings in the upper branch of the same court were in violation of his constitutional right against second jeopardy; second, that in any event the sentence as pronounced was in excess of that warranted by law and, to the extent of such excess at least, void.

The plaintiff in error is right in both contentions.   The lower branch of the municipal court having, like a justice of the peace, a dual jurisdiction, one to bind over to an upper court an offender charged with, or whom the evidence on a preliminary hearing showed probable cause to believe had committed, an offense beyond such lower court's jurisdiction to try, and also a jurisdiction to try and determine cases involving such an offense as the one here charged and with such penalty, it undertook to exercise the latter form of jurisdiction and accepted defendant's plea of guilty in lieu of a trial.   By sec. 4749, Stats., it is expressly made the duty of such court to thereupon adjudge a defendant guilty of such an offense upon his plea of guilty.   It contemplates no delay between plea and sentence.   His plea of guilty, accepted as it was by the court, was a waiver of any trial and then and there subjected defendant forthwith to the statutory penalty.   The exercise of the jurisdiction to try him for such an offense had then become a finality, and it could not be, either on motion by the prosecution or by the court on its own motion, wiped out and the other jurisdiction to bind over be substituted, as would be the effect if the adopted procedure be sanctioned.   The state in effect elected to have a trial as to the charged offense and the court assumed to try and determine for such offense, and such election and choice are binding, and the magistrate, having fully exercised the one jurisdiction, must forego the other.   The defendant, under the record, certainly said or did nothing that could be treated as a consent to such subsequent proceedings or as a waiver of his constitutional rights.

By his plea of guilty to the complaint the person so charged stands as to the facts and the offense charged the same as though a verdict of guilty had been rendered by a jury.   *Ex parte Brown*, 68 Cal. 176, 8 Pac. 829.   At such a stage he has passed the point at which jeopardy first attaches.   *State v. B——*, 173 Wis. 608, 617, 182 N. W. 474.   Having thus been once in jeopardy, the attempted

proceedings in the upper branch, whereby what would in effect be a new sentence and a much greater penalty attempted to be given for the same offense and facts, violated his rights secured by sec. 8, art. I, Const., "and no person for the same offense shall be put twice in jeopardy of punishment." *State v. Blevins,* 134 Ala. 213, 32 South. 637; 16 Corp. Jur. 236; *Boswell v. State,* 111 Ind. 47, 11 N. E. 788.

The fact that he interposed no plea as to former jeopardy when brought before the upper branch of such court, as would have been the better and usual practice, cannot deprive him of his right to rely upon it here, where it is so clearly a matter of record. It is in these identical proceedings, and no issue of fact could have been raised nor resort had to the record of any other court or to any other proceeding. See authorities cited in note to L. R. A. 1917A, 1234.

It is claimed by the state that the proceedings in the lower branch amounted to but a preliminary hearing, at the conclusion of which that court might properly bind over to the higher court. But the plea of guilty to the offense as charged did away with the necessity of any preliminary hearing or any hearing whatsoever. And furthermore, the offense being one for which the court had jurisdiction not only to issue the warrant and bring the charged person before him but had also jurisdiction to try and sentence, there is no purpose in having, and no right given to the person so charged to insist upon, a preliminary examination before trial. *State v. Solomon,* 158 Wis. 146, 150, 147 N. W. 640, 148 N. W. 1095. The holding in this latter case on this point is in nowise affected by what is said in *Watke v. State,* 166 Wis. 41, 44, 163 N. W. 258.

That the mistake that occurred in these proceedings was one of law and as to the powers and duties of the magistrate and that the result thereof will result in the person charged going without sentence or punishment whatsoever,

does not alter his rights or change his position. It was·so held where, during a trial upon a plea of not guilty, the court discharged the jury without defendant's consent, believing that the proceedings were being brought under a mistake as to which one of certain statutes controlled, nevertheless jeopardy had attached and could be successfully asserted. *Mitchell v. State,* 42 Ohio St. 383, 398.

The attempt by the lower branch to bind over the defendant to the upper branch of the court on the second day after the plea of guilty had been entered and accepted amounted in effect to the setting aside of such plea of guilty and the judgment that was consequent thereon, even though such an effect was not intended. That which in effect discharges a defendant in a criminal proceeding may be successfully pleaded in bar to a second attack for the same offense, no matter how irregular the first proceeding may be (16 Corp. Jur. 255); or even if it be an acquittal under an erroneous direction of the court to that effect. 16 Corp. Jur. 256.

That the proceedings in the upper branch were for the same substantive offense as that originally charged in the complaint is beyond question. The record quoted *supra* shows that on its face. The substantial increase in the penalty fixed by the sentence over that fixed by the statute for the offense as charged and based upon the claim of previous conviction for some other offense, was matter that affected the penalty only and was not a part of the substantive offense. *State v. Jacobs,* 167 Wis. 299, 302, 166 N. W. 324; *Dahlgren v. State,* 163 Wis. 141, 143, 157 N. W. 531; *Howard v. State,* 139 Wis. 529, 532, 121 N. W. 133.

The defendant therefore having been once placed in jeopardy before the lower branch of the municipal court, the proceedings in the upper branch upon which sentence was pronounced placed him in jeopardy a second time for the same offense.

Upon this state of the record the defendant is now entitled
to his discharge.

On the second proposition presented, defendant's sentence
to eighteen months in the state prison is claimed by the
state to be warranted by virtue of sec. 4738, Stats., provid-
ing that where a person is convicted of an offense such
as was here charged and so punishable, if it be alleged,
proved, or admitted on the trial or ascertained after con-
viction that there has been a prior imprisonment, sentence
wherefor remains of record and unreversed, the prescribed
penalty in the then pending case may be increased. Prior
to 1919 it was necessary that such prior conviction should
be alleged by pleading before trial. *Alsheimer v. State,*
165 Wis. 646, 648, 163 N. W. 255. By ch. 35 of that year
the provision was added, "or ascertained by the court after
conviction." By the same chapter sec. 4738*a,* Stats., was
created, which, so far as material here, is as follows:

"If such former conviction shall not have been charged
in the information, indictment or complaint, then, after a
plea of guilty is entered, or a verdict of guilty returned by
the jury, and before sentence is passed, the court may ascer-
tain in every case whether the defendant has been previ-
ously convicted of any offense in any court. . . . After such
investigation the district attorney may in writing charge
the defendant with such former conviction, and if the de-
fendant denies such charge, the court shall proceed promptly
to try the issue thereby formed, and, if demanded by the
defendant, shall impanel a jury therefor."

Even were the defendant properly bound over to the
upper branch of the municipal court, still upon the record
as here presented the sentence to the state prison was an
excessive one and unwarranted because the plain provisions
of such amended statute were not followed. Nothing
appears in the record until after judgment indicating that
defendant was in anywise notified that reliance would be
placed upon any prior convictions in order to increase the

penalty over that prescribed by sub. (1) (d), sec. 29.63, Stats., *supra;* much less did it show that he in any manner admitted such fact or the facts recited by the court or that testimony was taken as to such conviction or any such allegations. The positive recital in the record that he pleaded guilty to the crime charged in the information is a negative recital of his pleading to anything more or else. The entire record proper of the proceedings is silent as to any notice to him of the intention to rely upon a prior conviction, if any such there was, or of anything in the nature of a waiver on his part of the right to be so notified and to join issue with any such allegations and to have a trial by jury thereon.

Being bound as we are, and as the state should be, by the certified record sent to us of these proceedings, there is an entire absence in such record of any legal authority for the court sending the defendant to the state prison. For this reason also the judgment must be reversed. It is also our duty to direct his discharge. *State v. Moon,* 41 Wis. 684, 687.

*By the Court.*—Judgment reversed, with directions to discharge the defendant.