GORDON, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 12—October 10, 1922.*

*Criminal law: Petition to change plea: Discretion of court.*

In a prosecution for receiving stolen property where defendant pleaded guilty and expected to be let off with a fine, there was no abuse of discretion in denying a petition of the defendant, made after a jail sentence was imposed, requesting a new trial and leave to change his plea from guilty to not guilty.

ERROR to review a judgment and an order of the municipal court of Racine county: E. R. BURGESS, Judge. *Affirmed.*

The complaint was made on October 4, 1921, charging the plaintiff in error (hereinafter called the defendant) with the offense of receiving stolen property on September 15, 1921. A warrant was issued and the defendant waived preliminary examination, was bound over to the municipal court for trial, and information was filed by the district attorney. The defendant pleaded guilty to the information and was sentenced to be punished by confinement in the county jail for a period of six months from September 15, 1921. On October 6, 1921, the defendant filed a motion and affidavits for a new trial and asked for leave to change his plea from guilty to not guilty. The prayer of the petition was denied October 17, 1921. Thereupon this writ of error was sued out and execution was stayed.

For the plaintiff in error there was a brief by *Leonard P. Baumblatt* of Racine, attorney, and *A. C. Umbreit* of Milwaukee, of counsel, and the cause was argued orally by *Mr. Baumblatt.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and the cause was argued orally by *Mr. Messerschmidt.*

The following opinion was filed June 6, 1922:

ROSENBERRY, J. It appears from the affidavits that the defendant is twenty-four years of age, that he has resided in the city of Racine all his life, and that he is in the employ of his brother, who is engaged in the purchase and sale of automobile parts and accessories to automobiles. It is conceded that on the 15th day of September, 1921, the defendant purchased a tire, worth from $40 to $45, for $5, from one William Geb.

It further appears by the affidavits that the defendant stated at the time of the purchase that he would not keep the tire around any longer than he had to; that he would have to deface the serial number and dope the tire up in order to get rid of it.

It further appears that the tire was in fact stolen from an automobile; that it had on it marks indicating that it had been placed on a rim, and there were other circumstances that tended to disprove the allegation made by the defendant that he had purchased the tire pursuant to the direction of a Mr. Allan of the Horse Shoe Tire Company.

We shall not attempt to set out at length the allegations contained in the various affidavits. It is intimated, and there seems to be considerable support in the record for the intimation, that the defendant at the time he pleaded guilty expected to be let off with a fine, and that the motion for a new trial and for leave to withdraw the plea of guilty is made because of the nature of the punishment.

Claims on behalf of the defendant that he did not understand the nature of the offense charged against him, that while he was convinced from facts learned afterward that the tire was in fact stolen he did not know that fact at the time he purchased it, under the facts shown in this case must be given little, if any, weight.

The trial court considered the matter carefully and rendered his decision in accordance with the law, and we

see no grounds upon which the claim that he abused his discretion can be supported.

*By the Court.*—Judgment and order affirmed.

A motion for a rehearing was denied, without costs, on October 10, 1922.