STARR, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 15—June 12, 1931.*

*J. Elmer Lehr* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, George A. Bowman,* district attorney of Milwaukee county, and *Oliver L. O'Boyle,* deputy district attorney, and oral argument by *Mr. Bowman* and *Mr. O'Boyle.*

FOWLER, J.   The errors complained of are (1) that the plaintiff in error, hereinafter referred to as the defendant, should have been discharged because the evidence did not warrant submitting the case to the jury, or at least (2) that a new trial should have been granted because the evidence does not prove the defendant guilty beyond a reasonable doubt; or that a new trial should have been granted (3) upon the ground of newly-discovered evidence, or (4) because defendant's counsel omitted to put in evidence a letter written by the prosecutrix.

(1) and (2) will be considered together, as, if the evidence was sufficient to satisfy the jury of the defendant's guilt beyond a reasonable doubt, it was necessarily such as to warrant submission of the case to the jury.

Rape consists in accomplishing an act of sexual intercourse by force and against the will of the female assaulted. We recognize the rule relied upon by the defendant that the

woman must resist to the utmost and that voluntary sub-
mission to the act of intercourse, although yielded after
assault and attempt to accomplish the act by force, renders
the act wanting an essential element of the crime.   But if
the testimony of the prosecutrix is believable, and both the
jury and the trial judge believed it, a more outrageous rape
was never committed.   And the jury's belief of guilt did not
rest alone upon the testimony of the prosecutrix.   Her tes-
timony is strongly corroborated by her physical condition;
by the fact that she went directly from the hotel where the
acts of the defendant were committed to the office of the
district attorney and told her story; and by the admission of
the defendant when brought to the district attorney's office
and confronted by the prosecutrix that he "attacked" her,
and that he "treated her rough," and that she "resisted,"
although the admission of her resistance was coupled with
the statement that she "did not resist as much as she could."
The girl's physical condition is absolutely inconsistent with
the idea of voluntary submission to sexual intercourse in the
first instance and such as to reduce to the minimum her
power of physical resistance and to indicate the overpower-
ing of her will by fear.   The learned and experienced trial
judge in passing sentence summed up our view upon this
point as follows: "Bruises on her body, bruises on her arms
(and he might have said legs), the bruised and swollen con-
dition of her breasts, black and blue, the tearing of the vagina
to the extent that it was (torn) in this case, and the tearing
of the rectum, taken in connection with all the other tes-
timony and her story, justified the jury in bringing in the
verdict they did."   To give the revolting details of the
"story" of the prosecutrix would make the opinion too filthy
to publish and no good purpose will be served by further dis-
cussion of this assignment of error.

   (3) The newly-discovered evidence suggested is merely
to the effect that the prosecutrix gave her age as twenty-one

years whereas she was twenty-five; that two witnesses would testify that three years previous to the occurrence involved while employed in a restaurant at Eau Claire the prosecutrix entertained men in her room and that one such man claimed to her landlady in the presence of the prosecutrix and without denial by her that he was married to her; and that during the trial of the case the prosecutrix frequently posed for photographs for publishing in the city papers. These facts and this conduct are urged as so contrary to the attitude and character assumed by the prosecutrix upon the trial as greatly to lessen her credibility. These matters seem to us entirely insufficient to warrant the granting of a new trial.

(4) A letter which the prosecutrix wrote six weeks after the occurrences involved was produced by defendant's counsel in which she stated that she had only received $116 from the defendant, demanded $1,000 at once, and stated that her demand was for "$5,000, no less." The proceedings relating to the introduction of this letter were had in the absence of the jury. The court said on the offer being made: "You realize that if I admit that (the letter) all the circumstances will have to be gone into?" The defendant's attorney finally said "I withdraw the offer." It is suggested that Mr. Megna, who took the leading part in conducting the trial, was an inexperienced attorney and should not have withdrawn his offer. But the letter spoke for itself, and Mr. Lehr, who was called in to assist at the instant of trial, was present to advise and he did not object to the withdrawal. It is now urged that the failure to insist on putting the letter in evidence was a mistake in judgment. But new trials are not granted for mistakes in judgment in conduct of cases, and there is enough in the letter to indicate that the prosecutrix was in hiding at the procurement of the defendant. The "whole matter" referred to by the court as necessary to go into if the letter was received was the circumstances that led to the conviction of defendant's father of conspiracy to ob-

struct justice by procuring the absence of prosecutrix pending defendant's preliminary examination. It thus appears quite likely that proof of the circumstances of the departure and hiding of the prosecutrix would have worked to the disadvantage rather than the advantage of the defendant. Under these circumstances omitting introduction of the letter does not constitute ground for a new trial.

*By the Court.*—The judgment of the municipal court is affirmed.