DAVID T. PROSSER, J.
¶ 68. (dissenting). In May 2004 the defendant, Melisa Valadez, was charged with possession of cocaine, possession of THC, and possession of drug paraphernalia. She pled guilty to the first two misdemeanors; the third was dismissed but read in. In June 2004 Ms. Valadez was charged with possession of THC and possession of drug paraphernalia. She pled guilty to the latter; the former charge was dismissed and read in. In February 2005 she was charged again with possession of THC, a second or subsequent offense, which constituted a felony. She pled guilty on April 29, 2005.
¶ 69. In the plea colloquies for these offenses, the Walworth County Circuit Court failed to provide Ms. Valadez with the immigration warnings required by Wis. Stat. § 971.08(l)(c). This fact is not in dispute.
¶ 70. Wisconsin Stat. § 971.08(l)(c) (2005-06) reads:
(1) Before the court accepts a plea of guilty or no contest, it shall do all of the following:
(c) Address the defendant personally and advise the defendant as follows: "If you are not a citizen of the United States of America, you are advised that a plea of guilty or no contest for the offense with which you are charged may result in deportation, the exclusion from admission to this country or the denial of naturalization, under federal law."
¶ 71. Subsection (2) then reads:
(2) If a court fails to advise a defendant as required by sub. (l)(c) and a defendant later shows *358 that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea of guilty or no contest on any other grounds.
Wis. Stat. § 971.08(2).
¶ 72. On October 3, 2013, Ms. Valadez moved to withdraw her 2004 and 2005 pleas. Her motion came approximately eight and one-half years after she entered her plea in April 2005 to the felony. Her motion was filed after she had completed her sentence.
¶ 73. The lengthy delay between her 2005 sentence and her 2013 plea withdrawal motion inevitably raises the question posed by the majority opinion: "Is there a time limit for a defendant to file a motion to withdraw a plea based on Wis. Stat. § 971.08(2)?" The certification from the court of appeals was more nuanced: "If, in order to withdraw the plea, the defendant must show that deportation proceedings are underway, how does this standard fit in with the time limits for a motion to withdraw the plea?"
I
¶ 74. There are long-established principles governing plea withdrawal. See State v. Cain, 2012 WI 68, ¶ 24, 342 Wis. 2d 1, 816 N.W.2d 177. Before sentencing, the circuit court should freely allow withdrawal of a plea if the defendant supplies any "fair and just reason" unless withdrawal would substantially prejudice the prosecution. State v. Jenkins, 2007 WI 96, ¶ 2, 303 Wis. 2d 157, 736 N.W.2d 24. After sentencing, *359 however, the defendant must show that withdrawal is necessary to correct a "manifest injustice." Cain, 342 Wis. 2d 1, ¶ 24.
¶ 75. Our court adopted the "manifest injustice" test in State v. Reppin, 35 Wis. 2d 377, 386, 151 N.W.2d 9 (1967). However, over the past half century, the court has shifted its focus from the broad "manifest injustice" test to tailored rules for particular fact situations that amount to a manifest injustice.
¶ 76. A defective plea colloquy may constitute a manifest injustice that warrants plea withdrawal either before or after a defendant's sentence. The statutory basis for this rule is Wis. Stat. § 971.08, but § 971.08 does not embody all Wisconsin law on defective plea colloquies. There are many court decisions. The key decisions addressing the constitutional importance of plea colloquies in establishing knowing, intelligent, and voluntary pleas are State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and State v. Brown, 2006 WI 100, 293 Wis. 2d 594, 716 N.W.2d 906. Brown restated and supplemented the Bangert plea colloquy by adding the text of Wis. Stat. § 971.08(l)(c) as well as additional court-mandated duties. Brown, 293 Wis. 2d 594, ¶ 35.
¶ 77. The Brown court then explained the procedure on a plea withdrawal motion:
After sentencing, in cases that involve an alleged deficiency in the plea colloquy, an attempt to withdraw a guilty plea proceeds as follows. The defendant must file a postconviction motion under Wis. Stat. § 809.30 or other appropriate statute. The motion must (1) make a prima facie showing of a violation of Wis. Stat. § 971.08(1) or other court-mandated duties by pointing to passages or gaps in the plea hearing transcript; and (2) allege that the defendant did not *360 know or understand the information that should have been provided at the plea hearing. Bangert, 131 Wis. 2d at 274.
When a Bangert motion is filed, it is reviewed by the court. If the motion establishes a prima facie violation of Wis. Stat. § 971.08 or other court-mandated duties and makes the requisite allegations, the court must hold a postconviction evidentiary hearing at which the state is given an opportunity to show by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the identified inadequacy of the plea colloquy. Bangert, 131 Wis. 2d at 274. When the defendant has met his two burdens, the burden of producing persuasive evidence at the evidentiary hearing shifts to the state. Id. at 275. In meeting its burden, the state may rely "on the totality of the evidence, much of which will be found outside the plea hearing record." Hampton, 274 Wis. 2d 379, ¶ 47. For example, the state may present the testimony of the defendant and defense counsel to establish the defendant's understanding. Bangert, 131 Wis. 2d at 275. The state may also utilize the plea questionnaire and waiver of rights form, documentary evidence, recorded statements, and transcripts of prior hearings to satisfy its burden.
If the state is able to meet its burden, the hearing should be over. In a theoretical sense, the burden will have shifted back to the defendant, but there is nothing for the defendant to prove because the defendant is not entitled to turn a Bangert hearing into a fishing expedition on other issues that were not pleaded in the defendant's original motion.
Id., ¶¶ 39-41 (footnotes omitted).
¶ 78. The Bangert case (1986) was important for numerous reasons. One reason is especially pertinent to this discussion. In State v. Cecchini, 124 Wis. 2d *361 200, 368 N.W.2d 830 (1985), this court held unanimously that prior to acceptance of a plea, a trial court "must ascertain that the defendant understands the nature of the charge, and that this must be done on the record at the plea hearing." Cecchini, 124 Wis. 2d at 201 (emphasis added). The court then held: "Because the trial court failed to do so . . . , the plea was involuntary and unknowing and in violation of the defendant's right to due process." Id. As we later explained in Brown, "[U]nder Cecchini, a deficient plea colloquy was per se a violation of due process and required withdrawal of the defendant's plea." Brown, 293 Wis. 2d 594, ¶ 26.
¶ 79. Bangert excised the language from Cecchini that required such a result and created the Bangert hearing.
¶ 80. What is at stake in the interpretation of Wis. Stat. § 971.08(2) is that one reading of the statute produces an absolute right to plea withdrawal, no matter when that right is asserted, if the court failed to properly warn the defendant. This reading would resurrect the Cecchini per se plea withdrawal rule but only for persons subject to "deportation, exclusion from admission to this country or denial of naturalization," not ordinary citizens.
¶ 81. Wisconsin Stat. § 971.08(2) does not appear to implicate any requirement for a Bangert-type hearing in which the state is permitted to show by clear and convincing evidence that the defendant's plea was knowing, intelligent, and voluntary despite the court's failure to give the immigration warning. Thus, an "alien" (non-citizen) defendant will always appear to have a fair and just reason for plea with *362 drawal before sentencing and will not need to establish a manifest injustice for plea withdrawal after sentencing.
¶ 82. This strict interpretation of the statute does not appear to be unfair to the government if it is cabined by a reasonable time limit. However, if the statute is not cabined by a reasonable time limit, it will not matter that an alien defendant fully understood the risk of adverse immigration consequences at the time of his plea. He will never have to establish a manifest injustice for plea withdrawal. It will not matter that an alien's untimely plea withdrawal will effectively prevent retrial or otherwise substantially prejudice the government. It will not matter that an alien will have dramatically different plea-withdrawal rights from a citizen and may be able to obtain opportunities, such as gun ownership, that a citizen convicted of the same crime or crimes could not obtain under the law.
¶ 83. If the statute is not cabined by a reasonable time limit, the best thing that can happen to most alien defendants is for a court to forget to give the statutory warning. In these circumstances, it would border on malfeasance for a defense attorney to interrupt a plea colloquy to ask for the warning.
¶ 84. The bizarre consequences of a limitless right to plea withdrawal for non-citizens who did not receive a proper immigration warning from the court compels an inquiry whether these results are what the legislature intended.
II
¶ 85. Wisconsin Stat. § (Rule) 809.30(l)(c) defines "postconviction relief':
*363 "Postconviction relief' means an appeal or a motion for postconviction relief in a criminal case, other than an appeal, motion, or petition under ss. 302.113(7m) 302.113(9g), 973.19, 973.195, 974.06, or 974.07(2). In a ch. 980 case, the term means an appeal or a motion for postcommitment relief under s. 980.038(4).
(Emphasis added.) Unsurprisingly, this definition does not exclude a postconviction motion under Wis. Stat. § 974.02.
¶ 86. Wisconsin Stat. § 974.02 is entitled "Appeals and postconviction relief in criminal cases." It reads in part:
(1) A motion for postconviction relief other than under s. 974.06 or 974.07(2) by the defendant in a criminal case shall he made in the time and manner provided in s. 809.30. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04(3) and 809.30____
(Emphasis added.)
¶ 87. Wisconsin Stat. § (Rule) 809.30(2)(a) reads in part:
A person seeking postconviction relief in a criminal case . . . shall comply with this section. Counsel representing the person at sentencing or at the time of the final adjudication shall continue representation by filing a notice under par. (b) if the person desires to pursue postconviction or postdisposition relief unless counsel is discharged by the person or allowed to withdraw by the circuit court before the notice must be filed.
(Emphasis added.)
*364 ¶ 88. Wisconsin Stat. § (Rule) 809.30(2)(b) reads in part: "Notice of intent to pursue postconviction or postdisposition relief. Within 20 days after the date of sentencing or final adjudication, the person shall file in circuit court and serve on the prosecutor and any other party a notice of intent to pursue postconviction or postdisposition relief."
¶ 89. Wisconsin Stat. § (Rule) 809.30 contains multiple other statutory deadlines. Then, subsection (2)(h) provides, "The person shall file in circuit court and serve on the prosecutor and any other party a notice of appeal or motion seeking postconviction . . . reliefwithin 60 days after the later of the service of the transcript or circuit court case record." (Emphasis Added.)
¶ 90. The statutory section being interpreted— Wis. Stat. § 971.08(2) — clearly ties the right of plea withdrawal to a motion from the defendant:
(2) If a court fails to advise a defendant as required by sub. (l)(c) and a defendant later shows that the plea is likely to result in the defendant's deportation, exclusion from admission to this country or denial of naturalization, the court on the defendant's motion shall vacate any applicable judgment against the defendant and permit the defendant to withdraw the plea and enter another plea. This subsection does not limit the ability to withdraw a plea of guilty or no contest on any other grounds.
(Emphasis added.)
¶ 91. It is not evident from the text of the quoted statutes why the right of plea withdrawal in Wis. Stat. § 971.08(2) is not governed by the time limits in Wis. Stat. § (Rule) 809.30, including a motion under Wis. Stat. § 974.06.
*365 ¶ 92. In State v. Romero-Georgana, 2014 WI 83, 360 Wis. 2d 522, 849 N.W.2d 668, the court discussed the fact that the 1981-82 version of Wis. Stat. § 971.08(2) contained a time limit that stated: "The court shall not permit the withdrawal of a plea of guilty or no contest later than 120 days after conviction." Wis. Stat. § 971.08(2) (1981-82). The 120-day time limit was repealed in 1983 Wis. Act 219, § 43.[1] A Judicial Council note explained:
Section 971.08(2), stats., providing a 120-day time limit for withdrawing a guilty plea or a plea of no contest after conviction, is repealed as unnecessary. Withdrawal of a guilty plea or a plea of no contest may be sought by postconviction motion under s. 809.30(l)(f), stats., or under s. 974.06, stats.
(Emphasis added.)
¶ 93. The court in Romero-Georgana observed that "[t]he Judicial Council Note suggests that, in general, the proper method for raising § 971.08 plea withdrawal claims after conviction is through a motion under Wis. Stat. § (Rule) 809.30, Wis. Stat. § 974.02, or Wis. Stat. § 974.06." Romero-Georgana, 360 Wis. 2d 522, ¶ 67 n.14.
¶ 94. We also observed:
When a defendant has notice that he is likely to be deported and subsequently brings postconviction *366 claims unrelated to Wis. Stat. § 971.08(2), we think it would be unwise to allow him to bring his claims as a § 971.08(2) motion at a later time, although he may be able to bring his claims as a Wis. Stat. § 974.06 motion if he has a sufficient reason for the delay. Removing all time constraints on a Wis. Stat. § 971.08(2) motion would frustrate judicial efficiency by encouraging defendants to delay bringing those motions. In the absence of a time limit, if a defendant were indifferent to deportation or wanted to be deported, the defendant would have incentive to keep a § 971.08(2) motion in his back pocket while pursuing relief on other grounds.

Id.

¶ 95. This brings us to Wis. Stat. § 974.06, which reads in pertinent part:
(1) After the time for appeal or postconviction remedy provided in s. 974.02 has expired, a prisoner in custody under sentence of a court or a person convicted and placed with a volunteers in probation program under s. 973.11 claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
(4) All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to *367 secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.
¶ 96. There is no time limit for a motion under Wis. Stat. § 974.06. Moreover, this court has ruled that the "sufficient reason" requirement in subsection (4) does not apply in cases in which the defendant did not file a motion under Wis. Stat. § 974.02 or file an appeal. Romero-Georgana, 360 Wis. 2d 522, ¶ 35 (citing State v. Lo, 2003 WI 107, ¶ 44 n.11, 264 Wis. 2d 1, 665 N.W.2d 756).
¶ 97. There are, however, other problems for plea withdrawal under Wis. Stat. § 974.06.
¶ 98. First, a person who files a § 974.06 motion must be in custody. Wis. Stat. § 974.06(1). Unlike Romero-Georgana, Ms. Valadez is not a prisoner in custody. She is not in custody, and her sentence has been served.
¶ 99. Second, it is doubtful that the court's failure to give the immigration warnings under Wis. Stat. § 971.08(2) means that Ms. Valadez's sentence was imposed in violation of the United States or Wisconsin Constitutions. Ms. Valadez would have to claim that her plea was not knowing, intelligent, and voluntary and/or that she was prejudiced by the ineffective assistance of counsel, and that her pleas should be withdrawn on those constitutional grounds.
Ill
¶ 100. The impediment to the above-mentioned analysis has long been the perceived unfairness of having a time limit attached to a statute that requires *368 a defendant to prove that her conviction "is likely to result in. . . deportation." Wis. Stat. § 971.08(2). In State v. Negrete, 2012 WI 92, 343 Wis. 2d 1, 819 N.W.2d 749, the court said:
[T]o satisfy Wis. Stat. § 971.08(2)'s "likelihood" of immigration consequences requirement, a defendant may allege that: (1) the defendant pleaded guilty or no contest to a crime for which immigration consequences are provided under federal law; and (2) because of his plea, the federal government has manifested its intent to institute one of the immigration consequences listed in § 971.08(2), as to the defendant. As alternatives, a defendant may submit some written notification that the defendant has received from a federal agent that imports adverse immigration consequence because of the plea that was entered; or, a defendant may narrate verbal communications that the defendant has had with a federal agent advising that adverse immigration consequences were likely and that such consequences were tied to the crime for which the plea was entered.
Negrete, 343 Wis. 2d 1, ¶ 27 (emphasis added) (footnote omitted).
¶ 101. In the absence of some notice from federal authorities, a defendant may have serious difficulty in proving that he is "likely" to be deported under the Negrete test. This is why the court of appeals asked: "If, in order to withdraw [a] plea, the defendant must show that deportation proceedings are underway, how does this standard fit in with the time limits for a motion to withdraw the plea?"
¶ 102. The majority opinion supplies an answer by explaining that Ms. Valadez, unlike many who seek to vacate guilty pleas "by merely claiming they are 'likely' to be deportable, [claims] that she is 'likely' to be excluded from admission." Majority op., ¶ 32. She *369 claims that even though she is a Lawful Permanent Resident, "if she were to leave the United States and seek to return, she would be excluded from admission as a result of her convictions," citing 8 U.S.C. § 1182(a)(2)(A)(i)(II). Majority op., ¶ 33.
¶ 103. The majority reasons as follows:
In contrast to deportation, a non-citizen would have to take affirmative steps in order to induce the federal government to exclude the non-citizen from admission to the United States. The federal government does not seek out individuals who may be excluded from admission or otherwise inform non-citizens that they may be excluded from admission to this country based on convictions for violating laws relating to controlled substances.
Instead, the federal government, through the statutes governing admission to this country, excludes only non-citizens with convictions for violating laws relating to controlled substances who affirmatively seek admission to the country. Short of Ms. Valadez taking the affirmative step of leaving the United States and actually being excluded from admission, Ms. Valadez has no way aside from the immigration and naturalization statutes to demonstrate that she is "likely" to be excluded from admission.
Ms. Valadez's convictions are, as stated previously, explicitly listed in federal statutes as grounds for exclusion from admission. Based on the federal statutes, if Ms. Valadez leaves the United States and attempts to gain readmission to this country, the federal government will "likely" exclude her from admission because of her convictions.
Majority op., ¶¶ 42-44.
¶ 104. The majority concludes that Wis. Stat. § 971.08(2) does not require a showing that the federal government has taken steps to exclude Ms. Valadez *370 from admission. "The statute requires only that a defendant show that such a consequence is 'likely.'" Majority op., ¶ 45. "In sum, Ms. Valadez has fulfilled the statutory requirements for withdrawing her pleas." Id., ¶ 53.
¶ 105. Under the majority's analysis, "any alien" who is "convicted of, or admits having committed, or who admits committing acts which constitute the essential elements of... a violation of (or conspiracy or attempt to violate) any laws or regulations . . . relating to a controlled substance," 8 U.S.C. § 1182(a)(2)(A)(i)(II), is immediately upon conviction able to establish grounds for plea withdrawal. Consequently, these alien drug offenders do not need time for the government to act against them; they can satisfy the second ground for plea withdrawal immediately upon conviction, and a time limit on plea withdrawal will not disadvantage them.
¶ 106. The same statute relied upon by the majority applies to persons convicted of "a crime involving moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). It applies to any alien "convicted of 2 or more offenses (other than purely political offenses), regardless of whether . . . the offenses involved moral turpitude, for which the aggregate sentences to confinement were 5 years of more." 8 U.S.C. § 1182(a)(2)(B). It applies to many more.
¶ 107. In short, almost "any alien" defendant who seeks plea withdrawal on grounds that he did not receive the warnings under Wis. Stat. § 971.08(l)(c) will be able to make his case under a Wis. Stat. § 974.02 motion without raising the prospect of deportation.
¶ 108. The argument that fair play demands that an alien's right under Wis. Stat. § 971.08(2) have *371 no time limit is unpersuasive. Permitting non-citizens to withdraw their pleas to serious crimes whenever they want to and regardless of the circumstances simply because they did not receive the statutory warning is too incongruous and unreasonable to be accepted.
¶ 109. For the foregoing reasons, I respectfully dissent.
¶ 110. I am authorized to state that Chief Justice PATIENCE DRAKE ROGGENSACK joins this dissent.

 The legislature adopted the 120-day time limit in § 63, ch. 255, Laws of 1969. The Judicial Council legislation reduced "from one year to 120 days the time limit for withdrawing a 'guilty' plea." Laws of 1969 at 641. The one-year period had been established in Pulaski v. State, 23 Wis. 2d 138, 126 N.W.2d 625 (1964). The Pulaski court had observed that "normally for a trial court to entertain a motion made beyond a year would seem to be an abuse of discretion." Id. at 144.