THE STATE vs. S. A. L.

*September 9 — September 23, 1890.*

*Criminal pleading: Place of offense.*

Where a county is named in the caption of an information by an officer describing himself as the district attorney of that county, an allegation that the offense was "then and there" committed sufficiently shows that it was committed in said county.

REPORTED from the Municipal Court of *Dane* County. The facts are stated in the opinion.

The *Attorney General* and *L. K. Luse*, Assistant Attorney General, for the plaintiff, cited secs. 4658, 4659, 4669, R. S.; 1 Bish. Crim. Proc. sec. 379; *State v. Bell*, 3 Ired. 506; *State v. May*, 4 Dev. 328; *State v. Tolever*, 5 Ired. 452; *Strickland v. State*, 7 Tex. App. 34; *State v. Reid*, 20 Iowa, 413; *State v. Slocum*, 8 Blackf. 315; *People v. Breese*, 7 Cow. 429; *State v. Harnden*, 1 Brev. (S. C.), 37; *Sanderlin v. State*, 2 Humph. 319; *Stephen v. Comm.* 2 Leigh, 759; *State v. Bell*, 26 Minn. 388; *Comm. v. Butterick*, 100 Mass. 12; *Fisk v. State*, 9 Neb. 62; *Anderson v. State*, 104 Ind. 467; *Thomas v. State*, 71 Ga. 44; *State v. Lillard*, 59 Iowa, 479; *Long v. State*, 56 Ind. 133, 182.

*James H. Feeney* and *F. W. Hall,* for the defendant, cited *State v. Gaffrey,* 3 Pin. 370; *State v. Delue,* 2 id. 204; *State v. Cotton,* 24 N. H. 146; *State v. Shull,* 3 Head (Tenn.), 42; Moore, Crim. Law, sec. 166; *Kennedy v. Comm.* 3 Bibb (Ky.), 490; 1 Bish. Crim. Proc. secs. 379, 380.

COLE, C. J. This case is reported to this court by the municipal court of Dane county for the decision of the following question, to wit: Should the motion in arrest of judgment be granted for the reason that the information does not state sufficiently the place where the offense was committed? The defendant was convicted of the crime of adultery, upon an information in substance as follows (omitting the title): "State of Wisconsin, Municipal Court, Dane County. I, John L. Erdall, district attorney for Dane county, hereby inform the court that *S. A. L.,* on the 2d day of January, A. D. 1890, being then and there the lawful wife of W. T. L., did unlawfully and feloniously commit the crime of adultery with one M. C., and did unlawfully and feloniously permit said M. C. to have, and the said M. C. did *then and there* have, carnal knowledge of her body, against the peace and dignity of the state of Wisconsin." The objection is that the information does not show that the offense was committed in Dane county, within the jurisdiction of the municipal court.

It must be admitted that the information is informal because it does not state with more particularity the county where the offense was committed, and respectable authorities may be found which would hold it bad for that reason. But the tendency of modern decisions is to relax the strict rules which formerly prevailed, even in criminal proceedings, and the legislature has expressly sanctioned that tendency in our criminal code. Many defects or formal imperfections in the information which do not tend to the prejudice of the accused are to be disregarded. The

nature of the offense of which the defendant is accused
should be stated with reasonable certainty, so that he will
not be misled as to the offense of which he is charged.
Now, in this case, it is said there is a failure to state, in the
body of the information charging the offense, *where* or the
county in which it was committed.  To this objection it is
answered by the learned assistant attorney general that the
information contains words of reference which necessarily
locate the offense as clearly as though the county in which
it was committed had been repeated or given.  The county
is named both in the caption and body of the information.
The words " then and there " are used twice in the informa-
tion.  These are certainly words of reference, and the ques-
tion is, to what do they refer?  The first time they are
used they doubtless refer to the *status* or social condition
of *S. A. L.*, as being the lawful wife of W. T. L.  But in
the second place, where the words are used that " M. C.
did then and there have carnal knowledge of her body,"
they must necessarily refer to Dane county, which is previ-
ously mentioned or described.  This is the plain, natural
meaning and sense of the language used.  " The words then
and there, as used in an indictment, are words of reference,
and when time and place have once been named with cer-
tainty it is sufficient to refer to them afterwards by these
words; and they have the same effect as if the time and
place were actually repeated.  Whart. Crim. Law, 74.  These
words also refer to the time and place last specified, unless
there be some phrase connected therewith which show that
a different reference was intended." *State v. Cotton*, 24
N. H. 143; *State v. Bell*, 3 Ired. 506; *State v. Tolever*, 5
Ired. 452; *Strickland v. State*, 7 Tex. App. 34; *State v. Reid*,
20 Iowa, 413; *State v. Slocum*, 8 Blackf. 315,— lay down
the same rule that where the venue is laid in the margin or
in the body of the information, and it is alleged that the
defendant did then and there commit the offense, that these

words fairly and reasonably refer to the county named in the preceding part of the information, and show with sufficient certainty where the offense was committed. We know of no decisions in this court in conflict with this rule. The decisions in Pinney, to which we were referred on the argument, are not, in principle, opposed to it, and we are therefore disposed to hold that the information in this case does sufficiently show the place where the offense was committed.

*By the Court.*— The question submitted by the municipal court we answer in the negative, and the cause is remanded to that court with this our decision, for further proceedings according to law.