STATE, Respondent, vs. DOWLING, Appellant.

*May 15—June 12, 1931.*

For the appellant there was a brief by *Harrington & Harrington* of Oshkosh, and oral argument by *Richard Harrington*.

For the State there was a brief by *Frank B. Keefe,* district attorney of Winnebago county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

FRITZ, J. When arraigned, Dowling, without being represented by counsel or requesting such representation, pleaded guilty. There is no proof or showing whatsoever in the record that Dowling was lacking in intelligence or mental capacity, or that he did not fully understand and appreciate the nature of the offense charged and the effect of his plea of guilty.

Before imposing sentence, the court, on its motion, took the matter under advisement for a period of four days. On the adjourned day counsel appeared for Dowling and made a motion for dismissal on the ground that no venue is shown in the information. The information is technically imperfect in that respect, in that, while it duly alleges that Dowling unlawfully accepted and received money from the proceeds of the earnings of a certain woman "engaged in prostitution in the city of Oshkosh and county of Winnebago," it fails to allege or locate the place of the acceptance or receipt of such money by Dowling. The defect because of that omission is not obviated by any such apt words of reference as saved the information in the case of *State v. S. A. L.* 77 Wis. 467, 468, 46 N. W. 498.

In the first instance, Dowling was entitled to be apprised by the information as to the venue of the acts on his part which constitute the gist of the offense. However, it does

not appear that there was any uncertainty on his part, or that he was misled as to the offense of which he was charged. His counsel did not move for dismissal on the ground that venue was not sufficiently shown, until the proceedings had reached the point where the court was about to impose sentence; and even then counsel did not raise the point by application to file a plea in abatement or special plea in bar, in the manner contemplated by sec. 355.09, Stats., in which event his application would, by virtue of that statute, have constituted a waiver by Dowling of any jeopardy that had theretofore attached. If application had been made at that advanced stage of the proceedings, in proper manner so as to duly waive any former jeopardy, it would still, under that statute, have been within the judicial discretion of the court to determine whether it would be proper to entertain the objection. A ruling adverse to Dowling's application would not be disturbed in the absence of facts disclosing an abuse of that discretion. In the case at bar the record is wholly devoid of any fact as basis for assuming that the technical imperfection of the information resulted in any uncertainty on the part of Dowling, or misled him, or otherwise tended to prejudice him in any respect. Consequently, there is no basis for concluding that in ruling in relation to that defective information there was any abuse of discretion because of which there should now be a reversal.

After the denial of the motion for dismissal the court also denied a motion by Dowling for leave to withdraw his plea of guilty, and plead not guilty, and Dowling now complains of that ruling. In view of the range of the penalty prescribed by·statute for the offense charged, and the fact that Dowling appeared without counsel when he pleaded guilty, it would seem that the trial court in its discretion might well have granted that motion. However, again, in the absence of any fact basis whatsoever in the record because of which we would be justified in concluding that there was an abuse of discretion, we are not warranted in reversing the judgment.

Dowling also contends for reversal because the record does not show that the court expressly found or adjudicated that he was guilty of any specific offense. However, taking the record as an entirety from the time of the arrest and arraignment on an information which charged but the one offense of pandering, and the plea of guilty thereto, up to and including the opportunity finally afforded Dowling to say why sentence should not be passed upon him, and the pronouncement of the sentence which then followed, there is no occasion for the slightest doubt as to the particular offense with which Dowling was charged, as to which he admitted his guilt, and because of which the court adjudged that he serve the sentence which it imposed. The court's omission to make a formal finding, under the circumstances, was not prejudicial to Dowling, and does not constitute reversible error. *In re Carlson,* 176 Wis. 538, 556, 186 N. W. 722.

*By the Court.*—Judgment affirmed.