DeVougas, Plaintiff in error, v. State, Defendant in error.

*December 3, 1965—January 4, 1966.*

For the plaintiff in error there was a brief and oral argument by *Richard J. Steinberg* of Milwaukee.

For the defendant in error the cause was argued by *Richard B. Surges,* first assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *Hugh R. O'Connell,* district attorney.

WILKIE, J.   Although one of the defendant's writs of error seeks a review of the judgment of conviction entered on February 19, 1964, DeVougas made no argument here that the judgment was erroneous. His entire argument goes to the refusal to permit him to withdraw his plea of guilty. A motion to withdraw a plea of guilty and, consequently, to grant a new trial, is not governed

by sec. 958.06, Stats., but is a motion directed to the discretion of the court.

"The question of the withdrawal of a plea of guilty or of *nolo contendere* is addressed to the discretion of the trial court. A decision to grant or deny a motion for withdrawal will not be disturbed on appeal unless it is shown to have been an abuse of discretion." [1]

In *Van Voorhis v. State* [2] this court said:

"Although an application for leave to withdraw a plea is ordinarily addressed to the discretion of the court such withdrawal would be a matter of right if the applicant established in fact a denial of a relevant constitutional right, such as right to counsel."

But DeVougas did not argue at the hearing on his motion or here that any constitutional right was denied so as to make a change of plea a matter of right.

Thus, the sole issue on this review is: Did the trial judge abuse his discretion by refusing to permit DeVougas to withdraw his plea of guilty?

In his motion DeVougas alleged (1) that he was a drug addict at the time the guilty plea was entered and as a result was not competent and mentally capable to enter the plea; (2) that he entered the plea under the assumption that he would be referred to a medical center for treatment and not to a penal institution; and (3) that he had a meritorious defense to the charges against him in that he had a legitimate medical need for drugs and, being unable to obtain them through normal channels, was compelled to obtain drugs by other means.

[1] *State v. Payne* (1964), 24 Wis. (2d) 603, 604, 129 N. W. (2d) 250. See also: *Myartt v. State* (1964), 25 Wis. (2d) 634, 131 N. W. (2d) 371; *Pulaski v. State* (1964), 23 Wis. (2d) 138, 126 N. W. (2d) 625; *La Fave v. State* (1940), 233 Wis. 432, 289 N. W. 670; *State v. Dowling* (1931), 205 Wis. 314, 237 N. W. 98; *Gordon v. State* (1922), 178 Wis. 205, 188 N. W. 752; Anno. Right to withdraw plea of guilty, 20 A. L. R. 1445, 66 A. L. R. 628.

[2] (1965), 26 Wis. (2d) 217, 223, 131 N. W. (2d) 833.

As to the defendant's allegation that he was a drug addict and under the influence of drugs at the time of his guilty plea, and incompetent and not mentally capable to enter a plea at the time, we have nothing but his bare allegation. No record was made at the time of the hearing on the motion and there are no supporting medical or other affidavits giving details to support this assertion. In substance, defendant's contention here is that the mere assertion that he was incompetent at the time of the plea is enough to require the court to vacate the conviction and sentence and to allow the defendant to change his plea. There is absolutely nothing in the record to support the defendant's allegation and if the defendant is to challenge the trial court's refusal to grant the motion on this ground there must, as a minimum, be something in the record to establish the fact of incompetency at the time of the guilty plea.

At the time of entering his plea nothing was said to the defendant to the effect that he would be treated for his addiction. At the time of sentencing (two months after his conviction) there were some statements by his counsel that he needed treatment, but counsel conceded that the court had no power to commit to the hospital for treatment where the offense was under sec. 161.17, Stats., rather than sec. 161.02 (3).[3]

Before sentence was imposed the state stated that defendant could receive treatment at Waupun. There was

---

[3] "161.02 ACTS PROHIBITED; EVIDENCE; PENALTIES, COMMITMENT OF ADDICTS. . . . (3) No person shall take or use narcotic drugs habitually or excessively or except in pursuance to a prescription for permitted use as prescribed in this chapter. The unlawful possession of narcotic drugs by a person or of a hypodermic syringe or needle, except when possessed by a diabetic, shall be prima facie evidence of the unlawful use of such drugs. Any person violating this subsection shall be imprisoned not more than 5 years. The judge of the court wherein said person was convicted may, if said person requires treatment, commit him to some appropriate institution under the control of the state department of public welfare for treatment not exceeding 5 years."

no abuse of discretion by the trial court here in not granting defendant's motion bottomed on his complaints about the treatment or lack of it at Waupun. The plea of guilty was made on December 17, 1963, without any promise of treatment. The medical treatment given the defendant at Waupun following his imprisonment is not of record here and not pertinent to the motion made by defendant.

The defendant contended that he had a meritorious defense to the charges against him by reason of his medical need for drugs. Two months after he was convicted on his plea of guilty, at the sentencing hearing, his attorney stated:

"It is my thought that if it can be established through him and other competent proof that he resorted to the use of this drug because of an impelling force in order to relieve the pain and could not get help otherwise, that he is then not guilty of violation of this statute."

However, DeVougas was not convicted as a "user" under sec. 161.02 (3), Stats.,[4] but for obtaining drugs by fraud and deceit in violation of sec. 161.17, which makes no exception for drug addicts.

The defendant entered his plea of guilty while represented by counsel and after being fully informed of the possible consequences of his guilty plea. Nothing indicates that the plea was not entered voluntarily and intelligently. After entering the plea of guilty, DeVougas testified and admitted under oath that he did obtain drugs by means of forged prescriptions. Even now there is no contention that DeVougas did not commit the acts for which he was convicted. Under the circumstances the trial judge did not abuse his discretion when he refused to permit DeVougas to withdraw his plea and denied his motion for a new trial.

[4] See footnote 3, *supra*. Convictions as a user were upheld against the same argument in *State v. Brown* (1964), 25 Wis. (2d) 413, 130 N. W. (2d) 760; *Browne v. State* (1964), 24 Wis. (2d) 491, 129 N. W. (2d) 175, 131 N. W. (2d) 169.

It is apparent from the record that DeVougas was ill from the use of drugs and his real argument is that society should recognize that drug addicts are sick and the law should provide for the treatment, rather than conviction and imprisonment, of a drug addict who, because of his need for drugs, is involved in what would otherwise be a crime.

In *Robinson v. California* [5] the United States supreme court declared unconstitutional a California statute making it a crime to be an addict. Recently we have held that the California statute was clearly distinguishable from ch. 161, Stats., in that sec. 161.02 (3) makes it a crime to take and use drugs (1) habitually or (2) in excess or (3) not pursuant to a prescription, whereas the California statute punished the "status" of being an addict. [6] The distinction here is even more obvious because the crime with which the defendant was charged under sec. 161.17 (1) (b) is for "fraud and deceit" in obtaining drugs. Accordingly the *Robinson* rationale has no application to sec. 161.17 and that section is constitutional.

The defendant would have the sentencing court commit an offender against sec. 161.17, Stats., who is ill from drugs, for hospital treatment to cure his addiction. The court has no such power. The legislature, not this court, is the proper body to consider whether or not it is advisable to empower a court, in its discretion, to commit a person for treatment (such as is provided under sec. 161.02 (3) if a person is convicted of the habitual or excessive use of drugs or of a use not pursuant to a prescription) where he has been convicted of another offense under ch. 161, such as those of which this defendant was convicted under sec. 161.17 (1) (b).

*By the Court.*—Judgment and order affirmed.

---

[5] (1962), 370 U. S. 660, 82 Sup. Ct. 1417, 8 L. Ed. (2d) 758.

[6] *State v. Brown, supra,* footnote 4; *Browne v. State, supra,* footnote 4.