■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE RIOS GONZALEZ, Also Known as GEORGE RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 6, 1984, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Having failed either to move to withdraw his plea prior to

the imposition of sentence or to vacate the judgment pursuant to CPL 440.10, the defendant has not preserved for appellate review the issue of the sufficiency of his plea allocution *(see,* CPL 470.05 [2]; *People v Pellegrino,* 60 NY2d 636). Moreover, were we to review this issue in the interest of justice, vacatur would not be required *(see, People v Santana,* 110 AD2d 789).

Further, by his plea of guilty, the defendant waived his right to claim that "he was entitled to have the indictment dismissed on the ground that the People were not ready for trial within the time prescribed by CPL 30.30" *(People v Savage,* 54 NY2d 697, 698; *see, People v O'Brien,* 56 NY2d 1009; *People v Howe,* 56 NY2d 622). "[O]ur interests of justice powers (see CPL 470.15, subd 6) [do not] authorize review of issues waived by a plea of guilty *(People v Howe,* 56 NY2d 622)" *(People v Macy,* 100 AD2d 557).

With respect to the defendant's claim that the sentence imposed was excessive, we note that the sentence was imposed in accordance with the defendant's negotiated plea *(see, People v Kazepis,* 101 AD2d 816), and was the mandatory minimum allowable under the law *(see,* Penal Law § 70.06 [2], [3] [d]; [4]; *see also, People v Borrero,* 19 NY2d 332).

Finally, there is no merit to the defendant's challenge to the constitutionality of the 1981 amendment to Penal Law § 140.25 (2) *(see, People v Kepple,* 98 AD2d 783; *People v Buyce,* 97 AD2d 632). Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.