■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES KIMBLE, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered November 17, 1987, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police and physical evidence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contentions that his statements to the police and certain physical evidence should have been suppressed. Under the totality of the circumstances, we conclude that the statements were voluntary and were not otherwise obtained in violation of the defendant's rights (see, People v Tarsia, 50 NY2d 1; People v Diaz, 161 AD2d 789; People v Starks, 139 AD2d 681). Moreover, the record supports the hearing court's determination that the seizure of the physical evidence from the defendant's residence was proper.

The defendant's challenge to the factual adequacy of his plea allocution has not been preserved for appellate review, inasmuch as he neither sought to withdraw his plea before sentencing, nor moved to vacate the judgment of conviction (see, People v Claudio, 64 NY2d 858; People v Gonzalez, 121 AD2d 562). In any event, were we to review his contention in the exercise of our interest of justice jurisdiction, we would find it to be without merit. Indeed, it is well settled that no mandatory uniform catechism of pleading is required (see, People v Moissett, 76 NY2d 909; People v Nixon, 21 NY2d 338, cert denied sub nom. Robinson v New York, 393 US 1067). The statements of the defendant at the plea proceedings, where he was represented by two Legal Aid Society attorneys, demonstrate that his plea was adequate and entered knowingly and voluntarily. Thompson, J. P., Sullivan, Rosenblatt and O'Brien, JJ., concur.